UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVANTE SHINAUL, | ) |
| | ) |
| Plaintiff, | ) Case No. 22-cv-07287 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Davante Shinaul filed a seven-count § 1983 complaint against the City of Chicago and Officers Gabriel Navarro, Antonio Ramirez, Daniel Urbanski, David Arauz, Shahrukh Ali, Roger Farias, Christine Golden, and Ryan Corrigan ("Defendants"). Shinaul alleges illegal search and seizure, false arrest, unlawful pretrial detention, due process violation, indemnification, malicious prosecution, and intentional infliction of emotional distress ("IIED"). Defendants move to dismiss the complaint in its entirety. For the reasons outlined below, the Defendants' Motion to Dismiss [17] is granted in part and denied in part.

**Background**

On December 12, 2021, Shinaul was a front seat passenger of a vehicle that Officers Gabriel Navarro, Antonio Ramirez, Daniel Urbanski, David Arauz, Shahrukh Ali, Roger Farias, Christine Golden, and Ryan Corrigan ("Defendant Officers") stopped. There were four people in the car, including Shinaul, a man, and two women. The driver of the car was one of the women. Although the parties fail to provide details to the Court, an altercation arose, leading to the Defendant Officers ordering Shinaul out of the car and "manhandling" him. While Shinaul was exiting the vehicle, the Defendant Officers saw a gun in the vehicle. The parties do not state where the police saw the gun in the vehicle. According to Shinaul's complaint, the driver claimed the gun fell out of her purse and

belonged to her. Conflicting with the allegation in his complaint, in his response, Shinaul states the gun was in the driver's purse. The driver informed the Defendant Officers that the gun was hers and presented her FOID card and CCL. The Defendant Officers never witnessed Shinaul in physical possession of the gun.

Ultimately, Shinaul was arrested and charged with unlawful possession of a weapon and being a felon in possession of a weapon. On November 22, 2022, at trial, Shinaul was found not guilty on all charges.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the court accepts all the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**Discussion**

*Count I and II: Illegal Search and Seizure and False Arrest*

In his complaint, Shinaul plainly asserts an illegal search and seizure and a false arrest claim. In their motion to dismiss, the Defendants argue that the Court should dismiss both claims since Shinaul had an outstanding warrant for his arrests at the time of the relevant arrest. Hence, according to the Defendants, the Defendant Officers had probable cause to search him. Shinaul's only response to these arguments was that he had an outstanding warrant for his arrest. Because

Shinaul fails to set forth any argument or case law to support his illegal search and seizure and false arrest claims, the Court dismisses Count I and II without prejudice. *See Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and underdeveloped arguments are waived, as are arguments unsupported by legal authority.").

*Count III: Unlawful Pretrial Detention*

Next, the Court analyzes Shinaul's unlawful pretrial detention claim. "[P]retrial detention is a 'seizure' . . . and is justified only on probable cause to believe that the detainee has committed a crime." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). A probable cause inquiry only requires assessing a probability of criminal activity, existing when an officer has sufficient "information to warrant a prudent person to believe criminal conduct has occurred." *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010).

The Defendants argue that Shinaul fails to allege that the Defendant Officers brought the criminal charges without probable cause because he had constructive possession over the gun. However, the Defendants' arguments fall short. A motion to dismiss is a pleading standard, differing from a summary judgment standard where a court's decision is contingent on evidence within the case record after parties complete discovery. *Stubbs v. City of Chicago*, 616 F. Supp. 3d 793, 804 (N.D. Ill. 2022) (Valderrama, J.) (explaining that the procedural posture of a motion to dismiss limits a court to the plaintiff's "well-pleaded allegations").

Here, the Court is limited to Shinaul's well-pleaded allegations. Viewing the allegations in favor of Shinaul as the non-moving party, Shinaul has sufficiently alleged the Defendant Officers lacked probable cause to arrest him for possession of a gun and possession of a gun by a felon by alleging that the driver was the owner of the gun, the driver informed the Defendant Officers that she was the owner of the gun, and the driver presented her FOID card and CCL to the Defendant Officers. Consequently, the Court denies the Defendants' motion to dismiss regarding Count III.

*Count IV: Due Process Violation*

Regarding Shinaul's due process claim, the fabrication or falsification of evidence only violates due process if it results in a wrongful *conviction*. *Bianchi v. McQueen*, No. 12 C 0364, 2014 WL 700628, at *11 (N.D. Ill., Feb. 24, 2014). As Shinaul states, he was never convicted of unlawful use of a weapon or being a felon in possession of a weapon at trial. His due process claim thus fails as a matter of law.

Shinaul relies on *McCullough v. Hanley*, No. 17 C 50116, 2018 WL 3496093, at *1 (N.D. Ill. July 20, 2018), to support his argument that a plaintiff's due process claim can be viable where an arrest or indictment leads to pre-trial incarceration. However, the relevant portion of *McCullough* that Shinaul relies on was overruled by *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019). In *Lewis*, the Seventh Circuit reiterated and made clear that the Fourth Amendment governs pretrial detention claims, not the Due Process Clause. *Lewis*, 914 F.3d at 475 (stating "a claim for wrongful pretrial detention based on fabricated evidence is distinct from a claim for wrongful *conviction* based on fabricated evidence: '[C]*onvictions* premised on deliberately fabricated evidence will always violate the defendant's right to due process.'" (citing *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017)). With this clear precedent in mind, the Court grants the Defendants' motion to dismiss regarding Count IV with prejudice.

Next the Court focuses on Shinaul's possible *Monell* claim, which he mentioned for the first time after the Defendants raised the issue in their motion to dismiss. Shinaul bases his *Monell* claim on the success of his due process claim. The Court need not conduct a *Monell* assessment because the Court dismisses Shinaul's due process claim for the reasons explained above. If Shinaul wishes to raise a *Monell* claim on other grounds, he must do so *clearly* and *separately*. The Court will not patch together Shinaul's claim and research for him. *See Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020).

4

*Count V: Indemnification*

The Defendants argue that Shinaul's indemnification claim should be dismissed because the City of Chicago does not need to indemnify Shinaul for the Defendant Officers' actions since he does not state a claim for relief. Shinaul fails to address the issue of indemnification in his response. Instead, Shinaul once again leaves the Court to piece together Count V's viability on his behalf, thus waiving his indemnification claim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (explaining that a plaintiff's failure to oppose an argument permits an inference of acquiescence, which "operates as a waiver"). Hence, the Court dismisses Count V without prejudice.

*Count VI: Malicious Prosecution*

Additionally, the Court grants the Defendants' motion to dismiss Shinaul's state law malicious prosecution claim. The Defendants and Shinaul rely on their probable cause arguments regarding the unlawful pretrial detention claim. However, for a malicious prosecution claim to survive a motion to dismiss under Illinois law, a plaintiff must plead "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Lund v. City of Rockford, Ill.*, 956 F.3d 938, 949 (7th Cir. 2020) (quoting *Swick v. Liautaud*, 169 Ill.2d 504, 215 Ill.Dec. 98, 662 N.E.2d 1238, 1242 (Ill. 1996)). Here, Shinaul does not allege or assert facts that suggest actions or statements made by the Defendant Officers reflected that they exerted influence over commencing or continuing the criminal proceedings against Shinaul. Therefore, the Court dismisses Count VI without prejudice.

*Count VII: Intentional Infliction of Emotional Distress*

Lasty, the Defendants move to dismiss Shinaul's IIED claim as untimely pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act's one year statute of limitations. *See* 745 ILCS § 10/8-101.  However, the Court does not reach the statute of limitations argument because, even read in the light most favorable to Shinaul, it is entirely unclear on what factual theory Shinaul brings his IIED claim.  The Court dismisses Count VII without prejudice.

**Conclusion**

For the reasons above, the Court grants in part and denies in part the Defendants' motion to dismiss.  The Court dismisses, without prejudice, the following Counts: Count I, II, V, VI, VII. The Court dismisses Count IV with prejudice. Count III survives the Defendants' motion to dismiss. Because this is the first ruling on the merits of Shinaul's allegations, the Court gives him 30 days to cure his pleading deficiencies regarding the counts dismissed without prejudice.

IT IS SO ORDERED.

Date: 1/3/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge